UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In the Matter of:

Robin E. Brown and Evelyn M. Brown,

    Debtors.

_____/

Case No. DG 06-04409
(Chapter 7)
Date Filed: September 11, 2006

## TRUSTEE'S MOTION TO APPROVE SALE OF ACCOUNT RECEIVABLE

    NOW COMES the Trustee herein, Thomas A. Bruinsma, by and through his attorneys, Damon, Ver Merris, Boyko & Witte, PLC, pursuant to 11 U.S.C. § 363 and Fed.R.Bankr.P. 6004, and shows unto this Court as follows:

    1.    Your Movant is the duly-appointed, qualified and acting Chapter 7 Trustee in the above-referenced case, which was commenced by the Debtors through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 11, 2006.

    2.    Included among the assets herein is the right of the Debtor, Evelyn Brown, to receive payments totaling $25,000.00 (with no interest) from her ex-husband, David Partridge, pursuant to the terms of a Judgment of Divorce entered by the Ottawa County Circuit Court on May 8, 2000. Such account receivable is secured by a judicial lien imposed, under the Judgment of Divorce, against the residence of David Partridge, located at 17345 120th Avenue, Nunica, Michigan 49448.

    3.    The existence of such account receivable was not disclosed by the Debtor and was discovered by the Trustee following the initial closure of this case. Consequently, such asset has not been claimed as exempt.

    4.    Due to lack of financial resources, David Partridge was unable to pay the $25,000.00 amount, when it came due on May 8, 2005, per the Judgment of Divorce. Consequently, the Trustee has entered into an installment-payment arrangement with Mr. Partridge whereby he pays to the Trustee the sum of $250.00 per month, without interest, in satisfaction of such account-receivable obligation.

1

5. Mr. Partridge has faithfully paid the $250.00 amount to the Trustee, over the past several years, and there remains presently due and owing on such obligation the sum of $14, 818.72 as (the "account receivable") as of late August, 2011.

6. The Trustee has approached David Partridge, on several occasions, about paying off the balance due, at a discount, but Mr. Partridge apparently lacks the financial resources to satisfy the same by way of a lump sum cash payment even at a reduced amount. The Trustee has further "shopped" such account receivable around, but has been unable to obtain any offers thereon.

7. At the present rate of payment, it will take approximately 5 ½ years to collect the remaining balance due from Mr. Partridge.

8. On August 15, 2011, the Trustee received an offer from Steven L. Rayman for purchase of such account-receivable, together with assignment of the judicial lien to him, for the sum of $5,000.00. Per such offer, any installment payments received by the Trustee after that date would belong to Mr. Rayman or the successful purchaser (since that time two (2) payments of $250 each were received in early and late September, 2011). Mr. Rayman has no known relationship, whatsoever, to the Debtors, the Chapter 7 Trustee or his attorneys, the bankruptcy judge, or anyone affiliated with the Office of the United States Trustee, except that Mr. Rayman, who is an attorney, represents the Trustee, as his general counsel and as special counsel, in a number of other unrelated bankruptcy cases.

9. The sale of such account receivable, and assignment of judicial lien, will be made on an "AS-IS, WHERE-IS" basis, without representation or warranty, express or implied, of any kind, nature or description including, without limitation, any warranties of collectability. The Trustee further makes no representations as to whether any equity might exist in Mr. Partridge's residence to secure such indebtedness, whether he will keep making the monthly installment payments of $250 or more, whether he will keep making payments on his first mortgage secured by his residence; or whether he will continue to keep the same insured and pay real estate taxes as they might come due.

10. The aforesaid account receivable is held free and clear of any liens or claims thereon, to the best of the Trustee's knowledge, information and belief. Therefore, any lien or claim thereon would be in bona fide dispute under 11 U.S.C. § 363(f)(4). Consequently, such property will be sold free and clear of liens with any liens or claims attaching to the sale proceeds in the same order of rank, priority and validity as they presently might exist against such property.

11. Such account receivable shall be offered for sale in one (1) lot, with bidding commencing at the amount of the bid of Mr. Rayman; i.e., $5,000. Thereafter, bidding will be in increments of no less than $200, with the initial bid to be at least $5,500.

12. The sale of such account receivable will be made on a cash basis with the successful bidder being required to tender to the Trustee the amount of the purchase price immediately after the sale has been orally approved by the U.S. Bankruptcy Court. Contingent bids will not be received.

13. The Trustee shall the right to refuse to recommend confirmation of any bid which does not, in his judgment, assure a reasonable monetary return to the estate. Prospective purchasers may make arrangements for examination and inspection of the Trustee's payment receipt records, from Mr. Partridge, in connection with making regular payments on such account receivable, or the Judgment of Divorce, by contacting the Trustee, Thomas A. Bruinsma, at (616) 975-2010, between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday, or contacting his counsel at the address appearing at the foot of this Motion, prior to the scheduled hearing date in connection with the sale of such property.

14. All expenses of custody and protection of such account receivable incurred by the Trustee, as well as the expenses of sale, including administrative and all legal expenses of the bankruptcy proceeding relating to the protection and sale of said property shall be charged against the sale proceeds with priority over all claims.

15. Given the extended time period within which it will take the Trustee to collect the remaining balance due and owing on such account receivable, and the Trustee's duty to expeditiously administer the assets in this estate, the Trustee believes that the sale of the Debtor's account receivable, as aforesaid, to

Steven L. Rayman, as aforesaid, or to such other party who might submit a higher offer thereon, is in the best interest of the creditors in this estate and should be approved.

WHEREFORE, YOUR MOVANT PRAYS that the creditors herein and other interested parties be ordered to OBJECT or otherwise SHOW CAUSE, on a time and date certain, why the Debtors' interest in such account receivable due and owing from David R. Partridge should not be sold, as aforesaid, to Steven L. Rayman, or to such other party who may make a higher bid thereon; why he should not be allowed to execute a bill of sale as to such account receivable and assignment of the lien maintained against Mr. Partridge's residence in order to secure payment of the same, and such other documentation as may be reasonably required by the Buyer in order to evidence such sale and assignment; why he should not be allowed to turn over to Mr. Rayman or the successful bidder any payments received from Mr. Partridge after Mr. Rayman's offer was made; and why he should not be granted such other and further relief as this Court might deem just, equitable and proper.

Dated: October 6, 2011

DAMON, VER MERRIS, BOYKO & WITTE, PLC
Attorneys for Trustee

By_____/S/_____
    Larry A. Ver Merris (P-29093)
Business Address:
    825 Parchment Drive, S.E., Suite 100
    Grand Rapids, MI 49546-2382
Telephone: (616) 975-9951
e-mail: lav@dvbwlaw.com

LAVM/mld
U:\LAV\BROWN 6051 (Robin E. and Evelyn M.)\PLEADING\PLD TRUSTEE MOT APP SALE ACCT REC 9-7-11.doc